**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHRISTOPHER RENE AVIST                               CIVIL ACTION

VERSUS                                                              NO. 23-1419

TRAVIS DAY, WARDEN                                    SECTION: "R" (3)

## REPORT AND RECOMMENDATION

Petitioner, Christopher Rene Avist, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

A grand jury indictment charged petitioner with human sex trafficking, human trafficking, first degree rape, aggravated rape, forcible rape, sexual battery, oral sexual battery, intentional exposure to the AIDS virus, aggravated crime against nature, cruelty to the infirmed, and crime against nature by solicitation.[1] Petitioner's jury trial began on November 12, 2019.[2] One of petitioner's defenses was that he was incarcerated during some portions of the four-year period over which the charged offenses occurred.[3] The state maintained that petitioner's incarceration dates, which were not continuous, allowed him sufficient time at liberty to commit the offenses.[4]

---

[1] Rec. Doc. 23-7, pp. 26-28.
[2] Rec. Doc. 23-7, p. 16.
[3] *See, e.g.*, Rec. Doc. 23-17, p. 715.
[4] Doc. 23-17, p. 715.

The parties entered a stipulation relative to the petitioner's incarceration dates, and the court advised the jury of the stipulation.[5] On the third day of trial, after the jury had heard testimony from the first victim and while it was still receiving testimony from the second victim, petitioner reached a plea agreement with the state.[6] He pleaded guilty to forcible rape, aggravated crime against nature, two counts of human trafficking, and intentional exposure to the AIDS virus. He was sentenced that same day.[7]

On August 26, 2021, petitioner filed an application for post-conviction relief with the state district court.[8] The state district court denied that application on November 17, 2021.[9] His related writ applications were denied by the Louisiana

---

[5] Doc. 23-7, p. 21.

[6] Rec. Doc. 23-7, p. 22. Although petitioner pleaded guilty before the state finished presenting its case, his alibi defense was presented through cross-examination and the stipulation. *See, e.g.*, Rec. Doc. 23-7, pp. 954-58 and 964-965.

[7] Petitioner was sentenced on the forcible rape conviction, thirty years (with ten years suspended); on the aggravated crime against nature conviction, fifteen years; on each of the human trafficking convictions, ten years; and on the intentional exposure to the AIDS virus conviction, ten years. It was ordered that his sentences be served concurrently. Rec. Doc. 23-7, pp. 22-23 and 111-12; Rec. Doc. 23-17, pp. 1157-76.

[8] Rec. Doc. 23-2, pp. 1-12. Federal courts considering habeas petitions apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to this post-conviction application, the Court has used the date petitioner himself placed on the application. *See* Rec. Doc. 23-2, pp. 1 and 3.

[9] Rec. Doc. 23-2, p. 45; Rec. Doc. 23-7, p. 25.

Fourth Circuit Court of Appeal on April 28, 2022,[10] and by the Louisiana Supreme Court on January 18, 2023.[11]

On October 27, 2022, petitioner filed a second post-conviction application with the state district court.[12] The application was denied on November 7, 2022,[13] and his related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on December 28, 2023,[14] and the Louisiana Supreme Court on April 3, 2024.[15]  In April of 2023, petitioner filed the instant federal application seeking habeas corpus relief.[16] In its answer, the state contends that the application should be dismissed as untimely.[17] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[10] Rec. Doc. 23-1, p. 11.

[11] Rec. Docs. 23-3 and 23-4; *State v. Avist*, 353 So. 3d 126 (La. 2023).

[12] Rec. Doc. 23-7, pp. 220-255.

[13] Rec. Doc. 23-7, p. 255.

[14] Rec. Doc. 23-8, p. 71.

[15] *State v. Avist*, No. 2024-KH-00130, 2024 WL 1431753 (La. Apr. 3, 2024).

[16] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Here, that date is not clear from the record, and petitioner left blank that portion of the application in which he was to verify that date. *See* Rec. Doc. 1, p. 9. However, the application was mailed in an envelope metered in April of 2023, *see* Rec. Doc. 1, p. 10, and it was received by the Clerk of Court on April 27, 2023, *see* Rec. Doc. 1, p. 1.

[17] Rec. Doc. 23.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection A applies to this case because petitioner does not allege the existence of a state-created impediment, a newly recognized constitutional right, or a newly discovered factual predicate.

"Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Foreman v. Dretke*, 383 F.3d 336, 338-39 (5th Cir. 2004)). Thus, courts must "look[] to state law in determining how long a prisoner has to file a direct appeal." *Id.* (citing *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

Petitioner pleaded guilty and was sentenced on November 14, 2019.[18] Under Louisiana law, he had thirty days to file an appeal.[19] He did not file any appeal, and his state criminal judgment became final on December 16, 2019.[20] His period for seeking federal habeas corpus relief expired one year later on December 16, 2020, unless that deadline was extended through tolling.

Petitioner does not contend that statutory tolling applies, nor can he. Federal law provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner did not file any application for post-conviction relief in the state courts until well after the expiration of his deadline for seeking federal habeas relief. Pleadings filed in the state courts after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La.

---

[18] Rec. Doc. 23-7, pp. 22-23 and 111-12; Rec. Doc. 23-17, pp. 1157-76.

[19] Louisiana law states that a criminal defendant has thirty days to file a motion to appeal a conviction or sentence. La. Code Crim. P. art. 914.

[20] The thirtieth day of the appeals period fell on a Saturday, and, therefore, petitioner had until Monday, December 16, 2019, to file an appeal. *See* La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

June 27, 2000). Once the federal limitations period has expired, "[t]here [i]s nothing to toll." *Butler*, 533 F.3d at 318.

Equitable tolling is also unavailable. "[A] petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling is available only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Here, petitioner has not identified any evidence demonstrating that he is entitled to equitable tolling, and his petition is time-barred.

The only mechanism to overcome the AEDPA's statute of limitations is by making a convincing claim of "actual innocence" under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).[21] In *Perkins*, the U.S. Supreme Court explained the demanding actual innocence standard:

> This case concerns the "actual innocence" gateway to federal habeas review applied in *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and further explained in *House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). In those cases, a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. Here, the question arises in the context of 28 U.S.C. § 2244(d)(1),

---

[21] Actual innocence constitutes an "equitable *exception*" to the statute of limitations, rather than an equitable basis on which to toll it. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (emphasis original).

> the statute of limitations on federal habeas petitions prescribed in the Antiterrorism and Effective Death Penalty Act of 1996. Specifically, ... can the time bar be overcome by a convincing showing that [the petitioner] committed no crime?
>
> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S. Ct. 851; see *House*, 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*Perkins*, 569 U.S. at 386. Thus, a petitioner attempting to avoid the AEDPA's statute of limitations by claiming actual innocence must present new evidence. "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).[22]

Petitioner claims that he is actually innocent. In support of that claim, he points to an October 29, 2019 letter from the Plaquemines Parish Sheriff's Office to his counsel that sets forth his incarceration dates.[23] That evidence is not new.

---

[22] There is a circuit split over whether evidence "must be newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial," to meet the *Schlup* actual-innocence standard. *Hancock*, 906 F.3d at 389 and 390 n.1. The Fifth Circuit has not weighed in on this split, *see id.* at 389, which is not implicated by petitioner's application.

[23] *See* Rec. Doc. 23-2, p. 15.

Petitioner, through counsel, filed a "Notice of Alibi Defense" on October 2, 2019, that addressed his incarceration dates.[24] The document from the Plaquemines Parish Sheriff's Office was sent to his counsel shortly thereafter, and before petitioner's curtailed trial and guilty pleas. Moreover, petitioner's putative alibi defense was explored during trial, including during bench conferences and before the jury.[25] The rule in this Circuit is clear: evidence that was available to a petitioner or his counsel at or before trial does not qualify as "new." *Hancock*, 906 F.3d at 390.[26] The Fifth Circuit has indicated that this rule applies even when, as here, a petitioner claims[27] that his counsel was ineffective for failing to use that available information. *See Tyler*

---

[24] Rec. Doc. 23-7, p. 98.

[25] *See, e.g.*, Rec. Doc. 23-17, p. 715.

[26] *See also Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (Higginson, J., on denial of a certificate of appealability) ("Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury."); *Thomas v. Louisiana*, Civ. Action No. 20-2571, 2022 WL 989405, at *4 (E.D. La. Jan. 18, 2022) ("The problem for petitioner is that the evidence which he now offers in support of his 'actual innocence' claim consists of documents contained in his own defense counsel's case file. Although petitioner alleges that he was personally unaware of the documents until he obtained a copy of that case file in 2017, he does not dispute that those documents were already included in the case file at the time he entered his guilty plea – in fact, that is the underlying premise of an ineffective assistance of counsel claim he now asserts in his federal application.") (footnote and emphasis omitted)), *adopted*, 2022 WL 972309 (E.D. La. Mar. 31, 2022); *Williams v. McCain*, Civ. Action No. 19-11974, 2020 WL 1516918, at *7 (E.D. La. Jan. 24, 2020) ("Williams's counsel was well-aware of the incarceration records and planned to use those records and the dates of incarceration to challenge the victim's credibility at trial and to bolster the defense's arguments to the jury."), *adopted*, 2020 WL 1503562 (E.D. La. Mar. 30, 2020)

[27] As discussed above, the record indicates that petitioner's counsel did use the information relative to his incarceration dates to present an alibi defense.

*v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019). Because petitioner has presented no new evidence in support of his claim of actual innocence, he has not met *Perkins'* threshold requirement. *Perkins*, 569 U.S. at 386. As a result, the "actual innocence" exception does not apply, and his federal habeas corpus application is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Christopher Rene Avist be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Wallace v. Mississippi*, 43 F.4th 482, 494 (5th Cir. 2022) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)).

New Orleans, Louisiana, this 23rd day of April, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**