UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER RENE AVIST                                        CIVIL ACTION

VERSUS                                                              NO. 23-1419

TRAVIS DAY, WARDEN                                        SECTION "R" (3)

## ORDER AND REASONS

Petitioner Christopher Rene Avist, an inmate incarcerated in the Rayburn Correctional Center in Angie, Louisiana, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] On April 23, 2024, Magistrate Judge Eva J. Dossier issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition with prejudice as untimely.[2] Avist filed objections to the R&R, arguing that he is actually innocent of the crimes and restating his ineffective assistance of counsel claim.[3]

The Court has reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's R&R, and the Avist's objections.  For the

---

1   R. Doc. 1.
2   R. Doc. 26.
3   R. Doc. 27.

following reasons, the Court overrules Avist's objections, and dismisses the petition.

## I. BACKGROUND

Avist was charged by grand jury indictment in 2019 with human sex trafficking, human trafficking, first degree rape, aggravated rape, forcible rape, sexual battery, oral sexual battery, intentional exposure to the AIDS virus, aggravated crime against nature, cruelty to the infirmed, and crime against nature by solicitation.[4] Avist's jury trial began on November 12, 2019.[5] At trial, one of Avist's defenses was that he was incarcerated during some portions of the four-year period over which the charged offenses occurred.[6] The State maintained that Avist's incarceration dates, which were not continuous, allowed him sufficient time at liberty to commit the offenses.[7] The parties entered a stipulation relative to Avist's incarceration dates, and the state trial court advised the jury of that stipulation.[8]

---

[4] R. Doc. 23-7 at 26-28.
[5] *Id.* at 16.
[6] *See, e.g.*, R. Doc. 23-17 at 715. Avist presented his alibi defense through cross-examination and the stipulation. *See, e.g.*, R. Doc. 23-7 at 954-58, 964-65.
[7] *Id.*
[8] R. Doc. 23-7 at 21.

On November 14, 2019, during the third day of trial, Avist reached a plea agreement with the State.[9] He pleaded guilty to forcible rape, aggravated crime against nature, two counts of human trafficking, and intentional exposure to the AIDS virus.[10] The trial court sentenced him on that same day to thirty years, with ten years suspended, on the forcible rape conviction; fifteen years on the aggravated crime against nature conviction; ten years on each of the human trafficking convictions; and ten years on the intentional exposure to the AIDS virus conviction.[11] The court ordered that his sentences be served concurrently.[12]

On August 26, 2021, Avist filed an application for post-conviction relief with the state district court,[13] which the court denied on November 17, 2021.[14] Avist's related writ applications were denied by the Louisiana Fourth Circuit Court of Appeals on April 28, 2022,[15] and by the Louisiana Supreme Court on January 18, 2023.[16] Avist filed a second post-conviction application with the state district court on October 27, 2022,[17] which was denied on

---

9   R. Doc. 23-7 at 22; R. Doc. 23-17 at 1157-58.
10  R. Doc. 23-7 at 23, 111-12.
11  R. Doc. 23-7 at 23, 111-12; R. Doc. 23-17 at 1157-76.
12  R. Doc. 23-7 at 23.
13  R. Doc. 23-2 at 1-12.
14  *Id.* at 45; R. Doc. 23-7 at 25.
15  R. Doc. 23-1 at 11.
16  R. Docs. 23-3 & 23-4; *State v. Avist*, 353 So. 3d 126 (La. 2023).
17  R. Doc. 23-7 at 220-55.

3

November 7, 2022.[18] His related writ applications were then denied by the Louisiana Fourth Circuit Court of Appeals on December 28, 2023,[19] and by the Louisiana Supreme Court on April 3, 2024.[20] In April 2023, Avist filed the instant federal application seeking habeas corpus relief.[21]

## II.   DISCUSSION

The Court applies *de novo* review to the parts of the R&R to which petitioner objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)); *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

Avist does not object to the Magistrate Judge's finding that his petition is untimely, as it was filed more than two years after his period for seeking

---

[18]   *Id.* at 255.
[19]   R. Doc. 23-8 at 71.
[20]   *State v. Avist*, No. 2024-KH-00130, 2024 WL 1431753 (La. Apr. 3, 2024).
[21]   R. Doc. 1.

4

federal habeas corpus relief expired.[22] Nor does he object to Magistrate Judge Dossier's finding that he is not entitled to statutory or equitable tolling.[23] As to these findings, the Court finds no plain error. The Court therefore adopts these sections of the R&R as its opinion.

Avist objects to Magistrate Judge Dossier's finding that he is not actually innocent for purposes of avoiding the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations.[24] Specifically, Avist contends that his alibi defense would have contradicted witness testimony, showing that he is actually innocent of the crimes.[25] A federal habeas petitioner may "overcome a procedural bar to consideration of the merits of [his] constitution claims" if he makes a "convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the demanding standard for this "equitable exception," *id.* at 392, the petitioner must show that, "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (citing *House*

---

[22]  *See* R. Doc. 26 at 5 (finding that Avist's period for seeking habeas corpus relief expired on December 16, 2020, one year after his state criminal judgment became final).
[23]  *See id.* at 5-6.
[24]  R. Doc. 27.
[25]  *Id.* at 1, 5-7.

*v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the actual innocence standard is "demanding" and seldom met)). "Evidence does not qualify as 'new' under the [Supreme Court's] actual innocence standard if 'it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 909 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quaterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Here, Avist claims that he is actually innocent. In his petition, Avist points to an October 29, 2019, letter from the Plaquemines Parish Sheriff's Office to his counsel that set forth his incarceration dates.[26] This evidence is not "new," as it was sent to Avist's trial counsel shortly after he filed a "Notice of Alibi Defense,"[27] and before trial commenced and he entered his plea of guilty.[28] Avist also asserted his putative alibi defense during trial, including during bench conferences and before the jury.[29] Thus, because this letter was available to Avist or his counsel at or before trial, it does not qualify as "new" for purposes of showing his actual innocence. *See Hancock*, 906 F.3d at 390; *see also Sank v. Vannoy*, No. 16-30995, 2017 WL 6029846, at *2 (5th Cir.

---

[26] R. Doc. 1 at 4; R. Doc. 23-2 at 15.
[27] R. Doc. 23-7 at 98 (October 2, 2019).
[28] R. Doc. 23-17 at 1 (indicating that trial commenced on November 12, 2019); R. Doc. 23-7 at 20, 22, 111-12 (indicating that Avist entered his plea of guilty on November 14, 2019).
[29] *See, e.g.*, R. Doc. 23-17 at 715; R. Doc. 23-7 at 25.

Oct. 26, 2017) ("Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." (citation omitted)).  This rule applies even when, as here, the petitioner claims that his counsel was ineffective for failing to use that available information.  *See Hankcock,* 906 F.3d at 387, 398-90 (making no distinction between the treatment of ineffective assistance claims and other claims when addressing whether an actual innocence claim was sufficient to overcome the time bar); *Tyler v. Davis,* 768 F. App'x 264, 265 (5th Cir. 2019) (rejecting petitioner's argument that the court "should treat the new evidence requirement for actual innocence claims differently when the claim involves an allegation of ineffective assistance of counsel").  Thus, this Court finds that Avist has failed to show that the actual innocence exception applies, and his federal habeas petition is untimely.  Avist's objection to the R&R based on actual innocence is therefore overruled.

    Avist devotes the rest of his objections to a discussion of his ineffective assistance of counsel claim.[30]  He argues that his trial counsel was ineffective by failing to disclose discovery before trial that, in turn, deprived Avist of his alibi defense.[31]  As an initial matter, this objection simply mirrors the

---

30    R. Doc. 27.
31    *Id.* at 1-2.

7

underlying ineffective assistance claim in Avist's petition and rehashes arguments made before the Magistrate Judge, and is thus not entitled to *de novo* review. *See, e.g.*, *Mendez v. Dir.*, No. 19-320, 2022 WL 1511318, at *1 (E.D. Tex. May 12, 2022) ("But objections that simply rehash or mirror the underlying claims addressed in the Report are not entitled to de novo review." (collecting cases)); *Scott v. Vannoy*, No. 16-15049, 2018 WL 582389, at *1 (E.D. La. Jan. 29, 2018) (overruling objections for the reasons stated in the R&R when the plaintiff simply rehashed arguments made before the Magistrate Judge). Moreover, Avist does not argue that the Court should excuse the untimeliness of his federal habeas corpus application because of his ineffective assistance of counsel claim. Even if he had, this argument would fail, as a claim for ineffective assistance of counsel does not provide a remedy when the habeas petition is untimely filed. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (holding that the Supreme Court's ruling in *Martinez v. Ryan*, 566 U.S. 1 (2012), "explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period"); *Shank v. Cain*, No. 15-4530, 2016 WL 4473193, at *6 (E.D. La. Aug. 24, 2016) (recognizing that there is no "basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel

8

claim"). Therefore, because this Court has concluded that Avist's federal habeas petition is untimely, it need not reach the merits of his ineffective assistance of counsel claim. *See Tate v. Pierson*, 52 F. App'x 302, 304 (7th Cir. 2002) ("Because we agree that [the § 2254 habeas] petition was untimely, we need not reach the merits of [the petitioner's] ineffective assistance arguments.").

Because Avist is not entitled to tolling of the limitations period, and because nothing else remedies the untimeliness of his federal filing, the Court finds that his habeas petition is barred as untimely. See 28 U.S.C. § 2244(d)(1). Avist's objections are overruled, and his petition is dismissed for the reasons stated in the Magistrate Judge's R&R and in this Order.

## III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)).

Avist's petition does not satisfy these standards. For the reasons stated in this Court's Order and in the R&R, the Court finds that Avist has not demonstrated that he is entitled to federal habeas relief under § 2254 or that his claims would engender debate among reasonable jurists or deserve encouragement to proceed further. Thus, the Court will not issue a COA.

## IV.  CONCLUSION

For the foregoing reasons, Avist's habeas petition is DISMISSED WITH PREJUDICE. The Court will not issue a COA.

New Orleans, Louisiana, this ___30th___ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE